**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

**FILED**

**SEP 07 2021**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

P.M. a minor, by and through her parent,
Karen Wirtz,

Karen Wirtz Plaintiffs,

v.

Civ. No. **1:21 CV 1730**

MEDINA CITY SCHOOL DISTRICT
BOARD OF EDUCATION; AARON
SABLE, in his individual capacity and in his
official capacity as Superintendent of the
Medina City School District; and AARON
HARRISON, REBECCA PARKHURST,
VALERIE PAVLIK, RON ROSS, and
ROBERT SKIDMORE, all in their
individual capacities and in their capacities
as members of the Medina City School
District Board of Education,

**JUDGE LIOI**

**COMPLAINT**

Plaintiffs, P.M. a minor, by and through her parent, Karen Wirtz, *pro se*, hereby file this

Complaint against Defendants, Medina City School District Board of Education ("School

Board"); Aaron Sable, in his individual capacity and in his official capacity as Superintendent

of the Medina City School District; and Aaron Harrison, Rebecca Parkhurst, Valerie Pavlik,

Ron Ross, and Robert Skidmore, all individual elected officials sued in their individual capacity

and in their capacity as members of the School Board (collectively, "Defendants"). In support of

the claims set forth herein, Plaintiffs allege and aver as follows:

1

## PARTIES

1.      Plaintiff P.M. is a minor child who resides in Medina City School District ("MCSD"), in Medina County, Ohio. Plaintiff P.M. was at all times relevant hereto a student at a Medina City School District public school.  Suit is brought herein on P.M.'s behalf by her mother, Plaintiff Karen Wirtz.

2.      Plaintiff Karen Wirtz is an adult individual who is a resident and taxpayer in the Medina City School District, in Medina County, Ohio. Plaintiff Karen Wirtz is the parent of Plaintiff P.M.

3.      Defendant Medina City School District Board of Education (the "School Board" or the "Board") is a public entity which, acting under color of law, is responsible for the formulation and implementation of all official governmental laws, policies, regulations and procedures in effect for the Medina City School District.

4.      Defendant Aaron Sable was at all relevant times the Superintendent of the Medina City School District; in that capacity, acting under color of law, he is responsible for the implementation of all official governmental laws, policies, regulations and procedures governing the Medina City School District. He is sued in his official and individual capacities.

5.      Defendant Robert Skidmore is a Medina County resident and member of the School Board, sued here in his individual and representative capacity. Mr. Skidmore is currently the President of the School Board.

2

6.     Defendant Rebecca Parkhurst, is a Medina County resident and member of the School Board, sued here in her individual and representative capacity. Mrs. Parkhurst is currently the Vice President of the School Board.

7.     Defendant Aaron Harrison is a Medina County resident and member of the School Board, sued here in his individual and representative capacity.

8.     Defendant Valerie Pavlik is a Medina County resident and member of the School Board, sued here in his individual and representative capacity.

9.     Defendant Ron Ross is a Medina County resident and member of the School Board, sued here in his individual and representative capacity.

10.    At all relevant times hereto, the School Board and the individual Defendants were acting under color of state law.

## JURISDICTION AND VENUE

11.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

12.    This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), (4), 28 U.S.C. §1367, 28 U.S.C. § 2201, and 42 U.S.C. §1983.

13.    There exists an actual and justiciable controversy between Plaintiffs and Defendant requiring resolution by this Court.

14.    Plaintiffs have no adequate remedy at law.

15.    Venue is proper before the United States District Court for the Northern District of Ohio under 28 U.S.C. §1391 because all parties reside or otherwise are found herein, and all acts and omissions giving rise to Plaintiffs' claims occurred in the Northern District of Ohio.

## FACTS

16.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

**Medina School District Board of Education**

18.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

19.    The Medina School District Board of Education is composed of five citizens who are representatives of the residents of " approximately 52 square miles which includes the City of Medina and Montville, Medina and a Portion of Lafayette Townships. Members of the Board are elected at large in accordance with law. The term of each Board member is four (4) years and shall commence on the first day of January following the member's election." https://www.medinabees.org/

20.    The five individuals currently serving as School Board Members are Defendants Aaron Harrison, Rebecca Parkhurst, Valerie Pavlik, Ron Ross, and Robert Skidmore.

21.    Defendant Aaron Sable, Superintendent of the District, graduated from Miami University in 1997.

22.    Defendant Robert Skidmore, the President of the School Board, He received his law degree (J.D.) from the University of Akron School of Law, an MBA from Ashland University and a B.A. from Mount Vernon Nazarene University. Mr. Skidmore took an oath to support the Constitution of the United States and the Constitution of the State of Ohio and to perform faithfully the duties of his/her office in accordance with the Medina City Schools Bylaw 0142.1 of Section 0000.

23.    Defendant Rebecca Parkhurst, Vice President of the school board, received her bachelor's degree from Mount Union College (now University of Mount Union). Ms. Parkhurst took an oath to support the Constitution of the United States and the

4

Constitution of the State of Ohio and to perform faithfully the duties of his/her office in accordance with the Medina City Schools Bylaw 0142.1 of Section 0000.

24.     Defendant Aaron Harrison received his undergraduate degree from Ohio Northern University in Ada, Ohio, and moved to Medina upon graduating from Case Western Reserve University School of Law in 2005. Mr Harrison took an oath to support the Constitution of the United States and the Constitution of the State of Ohio and to perform faithfully the duties of his/her office in accordance with the Medina City Schools Bylaw 0142.1 of Section 0000.

25.     Defendant Valerie Pavlik is a 1985 graduate of Highland High School and the Medina County Career Center. Ms. Pavlik took an oath to support the Constitution of the United States and the Constitution of the State of Ohio and to perform faithfully the duties of his/her office in accordance with the Medina City Schools Bylaw 0142.1 of Section 0000.

26.     Defendant Ron Ross is a 1980 graduate of the United States Military Academy at West Point. Mr. Ross took an oath to support the Constitution of the United States and the Constitution of the State of Ohio and to perform faithfully the duties of his/her office in accordance with the Medina City Schools Bylaw 0142.1 of Section 0000.

27.     This five-member School Board appointed Defendant Aaron Sable to serve as Superintendent of Schools in May 2016.

28.     As Superintendent, Mr. Sable is charged with the administration of the MCSD.

**B.     Relevant Policies of the Medina School District Board of Education**

29.     Code po0118 of Section 0000 of the School Board's policy manual, titled "PHILOSOPHY OF THE BOARD", provides,

5

A Board of Education is a legal entity for providing a system of public education within a geographic area of the State of Ohio. The system was created by, and is governed by, State statutes. Members of a Board are, therefore, State officers chosen by citizens to represent them and the State in the legislative management of the local schools.

The Board of Education has the dual responsibility for implementing statutory requirements pertaining to public education and for meeting the desires of the citizens. While the Board has an obligation to determine and assess citizen desires, it is understood that when the citizens elect delegates to represent them in the conduct of specified educational programs, they, at the same time, endow their representatives with the authority to exercise their best judgment in determining policies, making decisions, and approving procedures for carrying out the responsibility.

The Board declares and, thereby, reaffirms its intent to:

A.    maintain two-way communications with citizens of the District;

The Board shall keep them informed of the progress and problems of the School District, and the citizens shall be urged to bring their aspirations and concerns about the District to the attention of this body.

B.    establish policies and make decisions on the basis of declared educational philosophy and goals;

C.    act as a truly representative body for citizens in all matters related to programs and operations. The Board recognizes that ultimate responsibility for public education rests with the State, but the Board of Education has been assigned specific authority through statute, and the Board shall not relinquish or fail to exercise that authority.

https://go.boarddocs.com/oh/medina/Board.nsf/Public?open&id=policies# (emphasis added).

30.    In addition, the Board's Policy Manual at Section 0000, Code po0121 provides,

The supervision of the public schools of this District shall be conducted by the Board of Education, hereinafter sometimes referred to as the "Board", which is constituted and governed by Code Title 33 of the Revised Code of the State of Ohio.

https://go.boarddocs.com/oh/medina/Board.nsf/Public?open&id=policies#

6

31.     The Board Policy also provides in Section 0000, po0131, in pertinent part,

>   Proposals regarding Board policies and operations may originate at any of several sources, including students, community residents, employees, Board members, the Superintendent, consultants or civic groups. ***A careful and orderly process is used when examining policy proposals prior to Board action.***
>
>   The formulation and adoption of written policies constitute the basic method by which the Board exercises its leadership in the operation of the District. The study and evaluation of reports concerning the execution of its written policies constitute the basic method by which the Board exercises its control over District operations.
>
>   http://go.boarddocs.com/oh/mayoh/Board.nsf/goto?open&id=BETTSJ6DA8CC.
>
>   (Emphasis added).

32.     Moreover, Section 8000, Code po8420.01, titled "PANDEMICS AND OTHER MEDICAL EMERGENCIES", provides, in pertinent part,

>   A pandemic is an outbreak of an infectious disease. The Board of Education directs the Superintendent to set up a Pandemic Response Team ("PRT") to develop a Pandemic Plan in coordination with local government and law enforcement officials.
>
>   ***
>
>   The Pandemic Plan should be reviewed annually by the PRT and updated as appropriate.
>
>   https://go.boarddocs.com/oh/medina/Board.nsf/Public#

33.     Finally, Medina Board Policy Section 1000, po1130, titled "CONFLICT OF INTEREST", provides, in pertinent part,

A.  The proper performance of school business is dependent upon the maintenance of unquestionably high standards of honesty, integrity, impartiality, and professional conduct by Board of Education employees. Further, such characteristics are

7

essential to the Board's commitment to earn and keep the public's confidence in the School District. For these reasons, the Board adopts the following guidelines to assure that conflicts of interest do not occur. These guidelines are not intended to be all inclusive, nor to substitute for good judgment on the part of all employees.

1. No employee shall engage in or have a financial interest, directly or indirectly, in any activity that conflicts or raises a reasonable question of conflict with his/her duties and responsibilities in the school system.
2. Employees shall not engage in business, private practice of their profession, the rendering of services, or the sale of goods of any type where advantage is taken of any professional relationship they may have with any student, client, or parents of such students or clients in the course of their employment with the School District.

3. Employees shall not make use of materials, equipment, or facilities of the School District in private practice. Examples would be the use of facilities before, during, or after regular business hours for service to private practice clients, or the checking out of items from an instructional materials center for private practice.

B. Exceptions to Part A of this policy shall be approved by the Superintendent **before** entering into any private relationship.

C. Employees may not participate in the selection, award, or administration of a contract supported by a Federal grant/award if s/he has a real or apparent conflict of interest. Such a conflict of interest would arise when the employee, any member of his/her immediate family, his/her partner, or an organization which employs or is about to employ any of the parties described in this section, has a financial or other interest in or a tangible personal benefit from a firm considered for a contract.

**No employee may solicit or accept gratuities, favors, or anything of monetary value from contractors or parties to subcontracts involved with Federal grant funds, except that an employee may accept the gift of an unsolicited item of nominal value. For purposes of this section, "nominal value" means that the gift has a monetary value of $25.00 or less.**

Violation of this policy shall result in discipline, which may include termination from employment.

https://go.boarddocs.com/oh/medina/Board.nsf/Public?open&id=policies#

8

**C. MCSD's COVID-19-Based Measures**

34.  In June 2021, the MCSD, through Defendant Aaron Sable, issued its "Medina City Schools Safe Return to In-person Instruction and Continuity of Services Plan". See **Exhibit A**. In its "Policy for Mitigation Strategies Section", the MCSD plan includes "Universal and correct wearing of masks, physical distancing, hand washing and respiratory etiquette, cleaning and maintaining health facilities improving ventilation, contact tracing in combination with isolation and quarantine, in collaboration with the state and local health departments, diagnostic and screening testing, efforts to provide vaccinations to educators, other staff, and eligible students, appropriate accommodations for children with disabilities with respect to the health and safety policies." The Plan also included a statement that the plan will "seek public input and incorporate revisions as necessary."

35.  On August 31, 2021, the MCSD, through Defendant Aaron Sable, issued an emergency mandatory mask requirement "effective immediately for all students in grades PK-5 and all students regardless of vaccine status at A.I. Root Middle School while in the school buildings effective at the start of the school. The mask mandate is only for within district buildings and will not impact outdoor activities. We will continue the current practice of not requiring masks while students are in the lunchroom and outside mask breaks will be provided when possible. In addition, all Medina City Schools staff members will be required to wear a mask regardless of vaccine status while inside school buildings, around students and/or within 6ft of another staff member effective at the beginning of the school day Wednesday, September 1. This mandate will

9

continue through Tuesday, September 7 pending any further action by the Board of Education during the upcoming work session scheduled for Tuesday, September 7."

https://drive.google.com/file/d/1PkSlLiPqSFX-ozXxT3MKZ2J5-gZT_7Rp/view

Late this summer, the Centers for Disease Control and Prevention (CDC), the American Academy of Pediatrics (AAP) and Ohio Department of Health (ODH) released updated recommended guidance on the safe return to school for students and staff. There are several key takeaways that serve as the foundation for the Medina City School District's reopening plan this school year:

Universal and correct wearing of masks
● The wearing of facial coverings (masks) for students, staff, and the public is voluntary,
but is recommended for those who have elevated health risks or have not been vaccinated.
● When wearing a facial covering, cloth facial coverings should:
○ Fully cover the mouth, nose, and chin
○ Fit snugly against the side of the face so there are no gaps
○ Not create difficulty breathing while worn
○ Be held securely through either a tie, elastic, etc. to prevent slipping

See attached **Exhibit B** (emphases added.)

## F. The Masking Requirement Causes Immediate and Irreparable Harm to Students, Staff, and Community.

36.     In his Affidavit addressing Mayfield City School District in lawsuit filed by one Terpsehore Maras against Mayfield City School District, its Superintendent, and the individual Board Members, attached hereto as **Exhibit C**, Stephen E. Petty, an expert in the field of Industrial Hygiene who has testified as to the futility and danger caused by an individual wearing a mask in order to avoid transmitting or becoming infected with Covid-19. In summary, Mr. Petty states:

> a. PPE is the least desirable way to protect people from very small airborne aerosols.

b. Facial coverings as required by the MCSD policy are not recognized as PPE since they cannot be sealed and are not covered by the OSHA RPS.

c. If PPE were to be used for protection, respirators, not facial coverings as required by the MCSD policy are needed to provide any effective protection from very small airborne aerosols.

d. Very small aerosol particles are more likely to be a greater cause of disease than respiratory droplets because they can evade PPE and reach deep into the lungs, whereas respiratory droplets have to work against gravity in order to travel up a person's nose into the sinus.

e. Much better alternatives to controlling exposure are available (i.e., engineering controls of dilution – ventilation with increased fresh air and destruction), and should be used to minimize exposures as opposed to masks.

f. Individuals who are required to wear masks pursuant to a mandate suffer immediate and irreparable injury, loss, and damage due to the overall possible resulting measurable drop in oxygen saturation of the blood on one hand and the increase in carbon dioxide on the other, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

See Exhibit C.

**17.** Attached hereto as **Exhibit Q** is an Affidavit Mr. Petty prepared for Plaintiffs based recent information that has surfaced regarding the dangers of mask mandates.

37.     Plaintiffs note that the state of Ohio was given $4,475,243.513 pursuant to the American Rescue Plan ("ARP") Act of 2021 by agreeing to implement the federal guidelines set forth by the CDC for COVID-19 mitigation efforts.  See the attached letter from the U.S. Secretary of Education, attached hereto as **Exhibit D**.   See also, https://

oese.ed.gov/files/2021/07/Ohio-ARP-ESSER-State-Plan-Highlights-v2-071421.pdf. The letter links to the CDC guidelines available at https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/operation-strategy.html. The guidelines suggest that a school board would forfeit ARP allocations by making masks optional, and states that have prohibited mask mandates in schools have received letter notifying them that they will not receive ARP funds. Accordingly, it seems Defendants have a financial incentive for implementing the mask mandate, despite that such a requirement serves no scientific purpose and subjects individuals who wear masks to the health risks discussed above.

38. Plaintiff Karen Wirtz, in her own capacity and on behalf of her minor child, P.M., is aggrieved by the immediate and irreparable injury, loss, and damage suffered by P.M. because P.M. would be required to wear a mask pursuant to the School Board's mask mandate to return to in-person learning, which is not only unsupported by science, but which also results in the possible resulting measurable drop in oxygen saturation of the blood on one hand and the increase in carbon dioxide on the other, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

### COUNT I - 42 U.S.C. §1983 - Violation of Procedural Due Process
### (5th and 14th Amendments) Against All Defendants

39. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

40. In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right. 42 U.S.C. §1983.

41. In the instant case, Defendants unquestionably acted under the color of state law.

42.     Each Individual Defendant is an elected, voting member of the Medina City School District Board of Education with the exception of Defendant Aaron Sable, who is the Superintendent of the Medina City School District.

43.     Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law. U.S. Const. Ann., Amendment V.

44.     The Fourteenth applies the protections of the Fifth Amendment to state actors. U.S. Const. Ann., Amendment XIV.

45.     Plaintiffs have constitutionally protected interests in the benefits that come from the not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits.

46.     Defendants' implementation of the mask policy unlawfully deprives Plaintiffs of these and other constitutionally-protected interests without due process of law. Such deprivation occurred with no notice or meaningful opportunity to be heard as the Superintendent instated the mask mandate prior to offering an opportunity for public discussion. Such deprivation was arbitrary, capricious, based on ignorance without inquiry into facts, and in violation of the School Board's own policies and other applicable laws. Such deprivation violates the Fifth and Fourteenth Amendments of the Unites States Constitution.

47.     Plaintiffs would be harmed and continue to be irreparably harmed by these unlawful acts should she return to school, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide,

which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase.

### COUNT II - 42 U.S.C. §1983 - Violation of Substantive Due Process
### (Fourteenth Amendment) – Against All Defendants

48. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

49. In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right. 42 U.S.C. §1983.

50. In the instant case, Defendants unquestionably acted under the color of state law.

51. Each individual Defendant is an elected, voting member of the Medina City School District Board of Education with the exception of Defendant Dr. Michael J. Barnes, who is the Superintendent of the Medina City School District.

52. Under the Fourteenth Amendment to the Constitution, and as established by state law including the state created danger doctrine, Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment.

53. Plaintiffs would be harmed and be irreparably harmed by these unlawful acts, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase should plaintiff return to school.

### COUNT III - Violation of Procedural Due Process
### (OH Const. Art. I, § 16) Against All Defendants

54. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

55. Article 1, § 16 of the Ohio Constitution provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

56. Article 1, § 16 of the Ohio Constitution affords the people of Ohio with right to be free from violations of the procedural due process rights, and no person may be deprived of life, liberty, or property without due process of law.

57. Plaintiffs have constitutionally protected interests in the benefits that come from the not being subject to the Board's mask mandate, including the ability to pursue an education without being subjected to health risks that are not offset by any scientifically provable benefits.

58. Defendants' implementation of the mask policy unlawfully deprives Plaintiffs of these and other constitutionally-protected interests without due process of law. Such deprivation occurred with no notice or meaningful opportunity to be heard as the Superintendent instated the mask mandate prior to offering an opportunity for public discussion. Such deprivation was arbitrary, capricious, based on ignorance without inquiry into facts, and in violation of the School Board's own policies and other applicable laws. Such deprivation violates Article 1, § 16 of the Ohio Constitution.

59. Plaintiffs would be harmed and continue to be irreparably harmed by these unlawful acts, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased

15

noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase should she return to school.

## COUNT IV - Violation of Substantive Due Process
## (OH Const. Art. I, § 16) Against All Defendants

60. Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

61. Article 1, § 16 of the Ohio Constitution provides, "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

62. Article 1, § 16 of the Ohio Constitution affords the people of Ohio with right to be free from violations of the procedural due process rights, and no person may be deprived of life, liberty, or property without due process of law.

63. Under Article 1, § 16 of the Ohio Constitution, and as established by state law including the state created danger doctrine, Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment.

64. Plaintiffs would be harmed and continue to be irreparably harmed by these unlawful acts, including by suffering an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase should she return to school.

## RESERVATION OF RIGHTS

16

Plaintiffs herein expressly reserve their rights in regards to any additional claims to which they may be entitled under federal law as well as under the laws of the State of Ohio, including claims arising from any violations of Ohio's Open Meetings Laws or other actions of misconduct that may have been committed by Defendants. Plaintiffs expressly place Defendants on notice of Plaintiffs' intention to initiate removal proceedings at the state court level against Defendants as a result of the infractions Defendants have committed, as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Assume jurisdiction of this action;

b. Vacate and set aside the Defendants' mask mandate as well as any other action taken by Defendants to institute the mask mandate and implement the provisions of the mask policy;

c. Declare that the Defendants' masking policy is void and without legal force or effect;

c. Declare that the institution of the mask policy and actions taken by Defendants to implement the mask policy are arbitrary, capricious, based on ignorance due to failure to inquire into facts, otherwise not in accordance with law, and without observance of required procedures;

d. Declare that the mask policy and the actions taken by Defendants to implement the mask policy are in violation of the Constitution and contrary to the laws of the United States and the State of Ohio;

e. Temporarily restrain, as well as preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing the mask policy and from taking any other action to implement the masking policy that is not in compliance with applicable law; and

17

f.    Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of attorneys' fees and costs to Plaintiffs.

## ADDITIONAL INFORMATION

My children have attended Medina City School District public schools until mask mandates went into effect. I don't believe Medina City School District has looked at all the science regarding masking children. My children's access to a public education in which I pay for as a resident and small business owner have been removed because I will not defy my conscience and my duty as a mother to protect my child in order to attend in person learning.

Respectfully submitted this 7th day of September, 2021.

/s/ Karen Wirtz
3233 Hamlin Rd
Medina, OH 44256
216-235-0069
wirtzkaren@gmail.com
Karen Wirtz, Individually and on behalf of her minor child P.M.