**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN WIRTZ, individually and on behalf of her minor children, E.W., E.W., and E.W., | ) ) ) | CASE NO. 1:21-cv-1730 |
| | ) | JUDGE SARA LIOI |
| PLAINTIFFS, | ) ) ) | |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| MEDINA CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., | ) ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of defendants[1] to dismiss plaintiffs' amended complaint[2] under Fed. R. Civ. P. 12. (Doc. No. 56.) Plaintiff Karen Wirtz ("Wirtz") brings the amended complaint on behalf of herself and her three minor children (all with initials E.W.), challenging mask requirements and protocols implemented by the defendant Medina City School District Board of Education ("Board") in response to the COVID-19 pandemic as violating their "civil liberties" under the United States and Ohio Constitutions. (Doc. No. 55.) Wirtz opposed the motion (Doc. Nos. 57, 58), and defendants filed supplemental authority in support of their motion to dismiss (Doc. No. 59.)

---

[1] Defendants Medina City School District Board of Education, Aaron Harrison, Rebecca Parkhurst, Valerie Pavlik, Ron Ross, Aaron Sable, Robert Skidmore will be referred to herein collectively, as "defendants."

[2] Defendants filed a motion to dismiss plaintiffs' original complaint, and in response, plaintiffs filed an amended complaint (Doc. No. 5.), thus rendering moot defendants' first motion to dismiss (Doc. No. 54). The Clerk is directed to terminate Doc. No. 54 as moot in light of the filing of Doc. No. 56.

For the reasons that follow, defendants' motion to dismiss (Doc. No. 56) is granted.

## Discussion

In the amended complaint, plaintiffs take issue with the mask policy instituted by the defendant Board and the superintendent and school board members in response to the COVID-19 pandemic,[3] and describe the factual background for the Board's COVID-19 protocols for the 2020–2021 school year. (Doc. No. 55 ¶¶ 34–37.) Wirtz was dissatisfied with the online learning options available and decided to home school her children for the 2020–2021 and 2021–2022 school years[4] "because of potential violations of medical freedoms to her minor children … [s]he and her minor children were again denied their right to access a public education." (*Id*. ¶¶ 38–41, 44.)

Based upon the facts as alleged in the amended complaint regarding the COVID-19 protocols at issue, plaintiffs assert seven claims for relief: (1) "42 U.S.C. § 1983 – Violation of Procedural Due Process (5th and 14th Amendments)"; (2) "42 U.S.C. § 1983 – Violation of Substantive Due Process (Fourteenth Amendment)"; (3) "Violation of Ninth Amendment"; (4)

---

[3] This action is one of numerous lawsuits filed in this and other districts by "*pro se*" parents challenging mask requirements implemented in their children's school districts in response to COVID-19. *See, e.g., A. W., et al. v. Bay Vill. City Sch. Dist. of Educ., et al.*, No. 1: 21-cv-1733, 2021 WL 5448761 (N. D. Ohio Nov. 22, 2021) (parent suing on behalf of himself and minor child); *M. H., et al. v. Olmsted Falls City Sch. Dist. Bd. of Educ., et al.*, No. 1: 21-cv-1732, 2021 WL 5448778 (N. D. Ohio Nov. 21, 2021) (parent suing on behalf of herself and minor children); *H. V., et al. v. Cloverleaf Local Sch. Dist. Bd. of Educ., et al.*, 1: 21-cv-1731, 2021 WL 5448763 (N. D. Ohio Nov. 21, 2021) (parent suing on behalf of herself and minor children); *E.B. by and through Bawidamann v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-255, 2021 WL 4321146 (S.D. Ohio Sept. 23, 2021) (parent suing on behalf of minor children); *T.B. by and through Blankenship v. Mad River City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-256, 2021 WL 4321160 (S.D. Ohio Sept. 23, 2021) (parent suing on behalf of minor child); *P.G. by and through Graham v. Huber Heights City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-257, 2021 WL 4321171 (S.D. Ohio Sept. 23, 2021) (parent suing on behalf of minor child); *P.M., et al. v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 1: 21-cv-1711 (N.D. Ohio) (parent suing on behalf of self and minor child). All but one of these lawsuits, which are substantially similar to the instant action, have been dismissed; a motion to dismiss is pending in *P.M. v. Mayfield City Sch. Dist. Bd. of Educ.*, No. 1: 21-cv-1711 (N.D. Ohio).

[4] *See* Doc. Nos. 55-10 and 55-12.

"Violation of Tenth Amendment"; (5) "Violation of OH Const. Art. 1 § 21"; (6) "Violation of Procedural Due Process (OH Const. Art. 1, § 16)"; and (7) "Violation of Substantive Due Process (OH Const. Art. 1, § 16)." (Doc. No. 55 at 24–30.[5])

In a nutshell, defendants' motion to dismiss is two-pronged. First, defendants argue that to the extent that Wirtz seeks to assert claims on behalf of her minor children, she may not do so *pro se*. And the amended complaint does not state a cognizable claim on behalf of Wirtz herself.

**A. The claims of the minor children are dismissed without prejudice**

It is well-established that non-attorney parents cannot appear *pro se* on behalf of their minor children in lawsuits in federal court. "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir. 2014) (per curiam)).

Thus, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970 (citation omitted); *see also McCoy v. Akron Police Dep't*, No. 5:21-cv-51, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("[W]hile a parent may technically bring suit on

---

[5] Page number references are to the page numbers assigned to each individual document by the Court's electronic filing system, a practice recently adopted by the Court.

behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney.") (citing *Shepherd*, 313 F.3d at 970). This "ensure[s] that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (internal quotation marks and citation omitted). *See also Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) ("The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court 'is designed to protect the interests of the minor party[.]'") (citation omitted); *McIntyre v. Pardon*, No. 1:21-cv-1685, 2021 WL 5603252, at *1 (N.D. Ohio Nov. 30, 2021) (dismissing without prejudice § 1983 claim brought by *pro se* parent on behalf of her minor child) (citing among authority *Grappell*, 847 F. App'x at 701).[6]

Here, Wirtz does not claim or argue that she is a duly licensed attorney who may lawfully assert the claims of her minor children. Accordingly, to the extent that the amended complaint asserts claims on behalf of Wirtz's minor children, those claims are dismissed without prejudice to the action or any of its claims being refiled by an attorney.

---

[6] There are certain exceptions to this general rule, but none are applicable here. *See e.g. Beard ex rel. Ford v. Hawkins*, No. 14-cv-13465, 2015 WL 3915877, at *1 (E.D. Mich. June 25, 2015) (citing *Adams ex rel. D.J.W. v. Astrue,* 659 F.3d 1297, 1300 (10th Cir. 2011) (holding that a non-attorney parent could proceed *pro se* in federal court on behalf of her minor child to challenge administrative denial of SSI disability benefits)); *A.W. v. Bay Vill. City Sch. Dist. Bd. of Educ.*, No. 1:21-cv-1733, 2021 WL 5448761, at *1 (N.D. Ohio Nov. 22, 2021) (a "separate precedent permits a parent to prosecute special education claims involving their children under a specific federal law").

### B. Defendants' motion is granted as to Wirtz

In opposing defendants' motion, Wirtz asks this Court to dismiss her children as named parties because she "now only asserts her own constitutional rights as a parent. … By proceeding as the sole plaintiff, she can still protect her child given the symbiotic nature of their claims." (Doc. No. 57 at 5.) But the Court has liberally examined Wirtz's seven claims for relief and cannot discern a claim alleging deprivation of an alleged constitutional right resulting in harm to Wirtz herself, as opposed to her children. For example in Count I (violation of procedural due process under the Fifth and Fourteenth Amendments), plaintiffs allege that defendants' implementation of a mask policy without an opportunity to be heard will harm plaintiffs because they will "[suffer] an overall possible simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." (Doc. No. 55 ¶ 59.) Count II (violation of procedural due process under the Fifth and Fourteenth Amendments) claims the same alleged physical harm as a result of wearing a mask. (*See id*. ¶ 65.) In Count III (violation of the Ninth Amendment), Wirtz claims that she has a constitutional right to protect her minor children. (*See id*. ¶¶ 68, 69.) In Count IV (violation of the Tenth Amendment), plaintiffs claim that defendants have violated the Tenth Amendment by violating their rights under the Ohio Constitution "pertaining to the freedom to choose health care and health care coverage." (*See id*. ¶¶ 72, 73.) In Count V (violation of Article I, § 21 of the Ohio Constitution), plaintiffs claim that defendants have violated the Ohio constitution by compelling plaintiffs to "participate in a health care system" because of the injury that may be suffered by the minor children due to defendants' mask policy. (*See id*. ¶¶ 76, 77.) In Count VI, plaintiffs claim that the defendants'

implementation of a mask policy without "a meaningful opportunity to be heard" violates plaintiffs' procedural due process rights under the Ohio Constitution (Article 1, § 16) to pursue a public education "without being subjected to health risks that are not offset by any scientifically provable benefits." (*See id*. ¶¶ 81–83.) And in Count VII, plaintiffs allege that their right to substantive due process under the Ohio Constitution (Article 1, § 16) has been violated because "Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment … [and are] being denied access to public schools because of their choice not to participate in a health care system." (*See id*. ¶¶ 87, 88.) Even with the benefit of liberal construction, all the counts in the amended complaint describe claims of Wirtz's minor children. As discussed above, Wirtz may not assert claims on their behalf.

In Court III, Wirtz claims that defendants have usurped her constitutional right under the Ninth Amendment to protect the health and safety of her minor children:

> 67. Under the Ninth Amendment to the Constitution, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."
>
> 68. Nothing in the United States Constitution states or even suggest that parents of minor children do not have the right to seek redress in the courts in order to protect the health and safety of their children, and thus, Plaintiff Karen Wirtz retains this right to protect her minor children, Plaintiffs E.W., E.W., and E.W.
>
> 69. By relying on scientifically unfound and constitutionally repugnant guidance by federal government agencies and enacting an oppressive a dangerous universal mask mandate in misguided reliance on the information provided by the federal government, Defendants have violated Plaintiffs' Ninth Amendment rights by usurping Plaintiff Karen Wirtz's right to protect the health and safety of her minor children.

(Doc. No. 55.)

The defendants argue that Wirtz has identified no authority to support the idea that non-attorney parents enjoy a fundamental right to represent their children *pro se* in civil litigation.

In opposing the motion to dismiss, Wirtz argues that her "Ninth Amendment liberty right in parenting—a right not found in the Bill of Rights, should respectfully be recognized, and enforced by this Court." (Doc. No. 57 at 22.) To the extent that Wirtz is arguing that the Ninth Amendment provides her with a constitutional right to proceed *pro se* and represent the claims of her children, the Court agrees with the defendants: Wirtz provides no legal authority to support such an argument. Nor does Wirtz provide any legal authority to support an argument that the causes of action personal to her children become her own via the Ninth Amendment. *See Shepherd*, 313 F.3d at 970 ("a minor's personal cause of action is her own and does not belong to her parent or representative"). Moreover, the Court notes that, as pleaded in the amended complaint, Wirtz was free as a parent to make the decision for her children to avoid in-person attendance at school by participating in online education or be home schooled. And, as stated in the amended complaint, Wirtz made that parental decision and chose home schooling for her children. (*See* Doc. No. 55 ¶¶ 38, 44; see also Doc. Nos. 55-10 and 55-12.)

Defendants' motion to dismiss the amended complaint as to Wirtz is granted.

## Conclusion

Like the outcomes in the numerous substantially similar *pro se* cases brought in this district and in the Southern District of Ohio by parents challenging mask requirements implemented in Ohio schools in response to COVID-19, Wirtz may not pursue any claim on behalf of her minor children, and the amended complaint does not allege any particularized injury or cognizable claim that independently belongs to Wirtz.

Defendants' motion to dismiss the amended complaint is granted and this action is dismissed. This dismissal is without prejudice to the refiling of the claims asserted by the minor children by a licensed attorney. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated:

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**